Paul HOEFKER and Wilbanks & Hoefker, P.C., Appellants,

v.

Victor S. ELGOHARY, Appellee.

No. 01–07–00061–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 25, 2007.

---

Paul A. Hoefker, Houston, pro se.

Savvas Harry Stefanides, Houston, for appellee.

Panel consists of Justices NUCHIA, JENNINGS, and KEYES.

## OPINION

TERRY JENNINGS, Justice.

Appellants, Paul Hoefker and Wilbanks & Hoefker, P.C. (collectively, "Hoefker"), challenge the county court's judgment, entered after remand from this Court, awarding appellee, Victor S. Elgohary, attorney's fees as sanctions for discovery abuse. In four issues, Hoefker contends that the county court erred and abused its discretion in "failing to follow this Court's Opinion and Mandate," "re-awarding the initial $8,750 in its judgment [and] improperly awarding an additional $10,000 to [Elgohary]," "allowing testimony from [Elgohary's] attorney," and "awarding attorney's fees to [Elgohary] unconditionally, if [Hoefker] appeal[s]."

We modify the judgment to delete one provision relating to the award of attorney's fees as sanctions, to delete another provision awarding attorney's fees for an appeal to this Court, and to make another provision relating to appellate attorney's fees contingent upon an unsuccessful appeal to the Texas Supreme Court. We affirm the judgment as so modified.

## Factual and Procedural Background

Hoefker's original appeal arose out of an underlying lawsuit for breach of contract filed by Elgohary against William Uhlemeyer, who had been represented by Hoefk-

er. *See Hoefker v. Elgohary,* No. 01–03–00374–CV, 2005 WL 1189643 (Tex.App.-Houston [1st Dist.] May 19, 2005, no pet.). After Elgohary had filed a second motion to compel discovery and to set the motion for hearing, Hoefker asked Elgohary to reset the hearing, representing that he was already required to attend another hearing in Brazoria County. Elgohary refused, and, in Hoefker's absence, the county court granted Elgohary's motion and struck Uhlemeyer's pleadings.

Although the county court subsequently granted Uhlemeyer a new trial, it considered a motion for sanctions filed by Elgohary, in which Elgohary alleged that Hoefker "proffered false testimony" and "demonstrated a pattern of discovery abuse." Elgohary requested as sanctions $8,750 in attorney's fees, which he stated that he had expended "in the prosecution of this suit." Elgohary presented evidence indicating that Hoefker had disobeyed discovery orders and had misrepresented to the county court that he had had a hearing in Brazoria County. Elgohary's counsel testified that his fees totaled $8,750, his customary fee was $150 per hour, he invested over 60.1 hours on the case, he had made 11 appearances, and there had been 22 pleadings filed in the case. The county court orally granted Elgohary's motion, and, in its written order, the county court confirmed its award of $8,750 and imposed $1,000 in court fines. The county court recited that the "attorney's fees sanctions" were imposed for Hoefker's willful disregard of the court's order to respond to discovery and to appear for a hearing. Elgohary and Uhlemeyer subsequently settled the underlying lawsuit.

In his original appeal, Hoefker contended that the county court erred in awarding Elgohary $8,750 in attorney's fees as sanctions for discovery abuse. In our original opinion, we held that the county court was

authorized to impose a sanction against Hoefker because the county court's findings were supported in the record. *See id.* at \*5–6; *see also* TEX.R. CIV. P. 13; TEX.R. CIV. P. 215; TEX. CIV. PRAC. & REM.CODE ANN. § 10.001–.005 (Vernon 2002). However, in regard to the amount of the sanctions award, we noted that when determining whether a sanction is just, we had to consider "whether there [was] a reasonable relationship between the abusive conduct and the sanction imposed." *See Hoefker,* 2005 WL 1189643, at \*5 (citing *TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 917 (Tex.1991)). The evidence in the record established only that Elgohary had invested approximately 60 hours in the case and that his fees had "totaled $8,750." *See id.* at \*6. It did not establish that the fees were due solely to discovery abuse. As we stated in our original opinion, "no testimony directly related to the amount of fees incurred due to Hoefker's discovery abuses." *See id.* Accordingly, we reversed the county court's original judgment and remanded the case to the county court "for a determination of an attorney's fees sanction consistent with the rules and [our] opinion." *See id.* at \*7.

On remand, the county court, in its written judgment, criticized this Court's judgment remanding the case for such a determination because it felt that the record was "clear."[1] Nevertheless, in an effort to establish "a reasonable relationship" between the conduct and the sanction imposed, the county court conducted a hearing to consider the number of hours "actually related" to Hoefker's discovery abuses. At that hearing, Elgohary's counsel testified that his "time vested specifically for discovery sanctions against opposing counsel total[ed] over 65 hours" and that his "total time expended in this case [was] 165 hours." Elgohary's counsel also submitted 2 copies of a billing invoice reflecting the amount of time that he had spent on the case, the second of which he highlighted to indicate the expenses related to Hoefker's discovery abuses. Elgohary's counsel stated that he had billed his client over $24,000 on the case and that the original $8,750 award represented only those hours related to Hoefker's discovery abuses. Elgohary's counsel also testified that he had "in addition expended $9,750 in the appeal of this case," and he asked the county court to award additional appellate attorney's fees.

After the hearing, the county court, in its judgment upon remand, stated, in pertinent part,

The Court finds and clarifies that the $8,750 in attorney's fees awarded were distinct from the remainder of the balance of "all the attorney's fees he [Elgohary's counsel] expended in the case" on the date of the Court's prior ruling.

After rehearing, the Court further finds that $8,750 still is a fee reasonably and rationally related to defense counsel's conduct as of the date of the award.

---

1. The record from the original sanctions motion hearing, which we considered prior to remanding the case, states, in pertinent part: [Elgohary's counsel]: Your Honor, my name is Savaas Stefanides. I'm an attorney in the State of Texas licensed by the Supreme Court of the State of Texas. The fees that I have charged in this case for my client, Mr. Victor Elgohary, were necessary and reasonable. My customary fee is $150 per hour. I have invested over 60.1 hours in this case. I have made 11 appearances. There have been 22 pleadings filed back and forth in this cause. My fees total $8,750 and I also ask the Court to allow $9,750 if this case needs to be appealed and $11,000 if Mr. Hoefker decides to take this to the Supreme Court of Texas— $11,750. . . .

The county court, however, did not stop there. It went on to state,

> This Court finds that as a consequence of the post award motions, appeal, remand hearings and anticipated re-appeal, that the original award of $8,750 is manifestly unjust to the plaintiff in light of the abuse the plaintiff sustained as a consequence of the affronts made against the justice system. This court finds that additional reasonable and necessary attorney's fees of $10,000 from the date of the prior judgment through the date of this judgment would be appropriate, rational, and equitable.

### Standard of Review

■ We review a trial court's imposition of sanctions for an abuse of discretion. *Koslow's v. Mackie,* 796 S.W.2d 700, 704 (Tex.1990); *Zarsky v. Zurich Mgmt., Inc.,* 829 S.W.2d 398, 399 (Tex.App.-Houston [14th Dist.] 1992, no writ). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles or, equivalently, whether under all the circumstances of the particular case the trial court's action was arbitrary or unreasonable. *Koslow's,* 796 S.W.2d at 704; *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985).

■ When a trial court finds that a party has failed to comply with proper discovery requests, has failed to obey discovery orders, or has otherwise abused the discovery process, the court is authorized to impose a sanction that is just under the circumstances. Tex.R. Civ. P. 215; *In re Ford Motor Co.,* 988 S.W.2d 714, 718 (Tex. 1998); *TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 917 (Tex.1991); *In re Supportkids, Inc.,* 124 S.W.3d 804, 807 (Tex.App.-Houston [1st Dist.] 2003, no pet.). Again, when determining whether a

sanction is just, a court first considers whether there is a reasonable relationship between the abusive conduct and the sanction imposed. *TransAmerican,* 811 S.W.2d at 917 (stating that "the sanctions the trial court imposes must relate directly to the abuse found."); *Hanley v. Hanley,* 813 S.W.2d 511, 522–23 (Tex.App.-Dallas 1991, no writ) (stating that award of attorney's fees shown to be in excess of what is reasonable and does not relate to harm suffered as result of discovery abuse is unjust and not authorized by rule 215). Second, a court considers whether the sanction is excessive. *TransAmerican,* 811 S.W.2d at 917.

### Original Sanctions Award

■ In his first issue, Hoefker argues that the county court erred and abused its discretion in "failing to follow this Court's Opinion and Mandate" because, in our original opinion, we "found as a matter of fact that Elgohary's counsel's fees totaled $8,750 for prosecution of the suit." Hoefker asserts that the judgment upon remand should have imposed, at most, only a portion of the original award. In his third issue, Hoefker argues, therefore, that the county court erred in allowing Elgohary to present further testimony and evidence on the issue of attorney's fees.

Hoefker finds support in the county court's judgment upon remand, in which the county court recited, erroneously, that "the Court of Appeals has made a factual determination that $8,750 were 'all the attorney's fees he (Elgohary's counsel) expended in the case.'" However, as noted by Elgohary in his brief to this Court, this Court made no such "finding." Rather, given that the record was not clear, i.e., there was "no testimony directly related to the amount of fees incurred due to Hoefker's discovery abuses," it "appear[ed]" to this Court that the county court "awarded

Elgohary's counsel all the attorney's fees he expended in the case." *See Hoefker,* 2005 WL 1189643, at *6. This is precisely why we remanded the case for clarification.

As noted by Elgohary, the county court, upon remand, heard evidence indicating that his counsel had expended, at a minimum, approximately over 65 hours of his time "specifically" on Hoefker's discovery abuses. He specifically highlighted expenses related to Hoefker's discovery abuses and in support of his assertion that the original $8,750 represented only those hours related to the discovery abuse. This evidence clearly established a relationship between Hoefker's discovery abuses, the sanctionable conduct, and the amount of the attorney's fees award of $8,750. *See TransAmerican,* 811 S.W.2d at 917. Accordingly, we hold that the county court on remand did not abuse its discretion in awarding Elgohary $8,750 in attorney's fees.

█ We reject Hoefker's complaints about Elgohary's testimony and evidence. Hoefker's only specific complaint is that Elgohary's counsel was never identified as a witness in a response to a request for disclosure. *See* Tex.R. Civ. P. 193.6. First, even Hoefker suggests in his briefing that there was no surprise by this testimony. *See id.* (stating that party may not offer testimony of witness, other than named party, who was not timely identified, unless court finds "there was good cause for the failure to timely make, amend, or supplement the discovery response" or "the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties"). Furthermore, Elgohary's counsel testified during the original discovery hearing regarding his attorney's fees, and, thus, Hoefker could not have been surprised by Elgo-

hary's counsel's testimony clarifying the basis of the award. In regard to Hoefker's complaint regarding the billing invoices, Hoefker agreed during the remand hearing that he was not objecting to introduction of the invoices, but, rather, to their accuracy. The county court obviously rejected Hoefker's complaints regarding the invoices' accuracy. Hoefker has waived any other complaint regarding the county court's ability to consider the billing invoices on remand. *See* Tex.R.App. P. 33.1.

We overrule Hoefker's first and third issues.

### Additional Sanctions Award Upon Remand

█ In his second issue, Hoefker contends that the county court "leap[ed] well beyond the confines" of our original mandate in awarding additional attorney's fees of $10,000 as a sanction upon remand.

We remanded the case to the county court simply "for a determination of an attorney's fees sanction consistent with the rules and [our] opinion." After criticizing our original opinion, but then complying with our instructions, the county court, "as a consequence of the affronts made against the justice system," awarded Elgohary "additional reasonable and necessary attorney's fees of $10,000 from the date of the prior judgment through the date of this judgment." It did so without citation to any legal authority or references to any specific, additional conduct on which it based the additional award.

In this appeal, Elgohary's counsel has also not cited any authority on which the county court could have based this additional award. Elgohary represents that these attorney's fees "were not connected to the prior appeal." However, this representation contradicts the plain terms of the county court's judgment upon remand.

The county court, in its judgment, stated that this additional award was for the time period from the date of the county court's original judgment to the date of the county court's judgment upon remand, necessarily including the previous appellate proceedings. Yet, the county court did not find, nor could it have found, that Hoefker had engaged in additional abuse or sanctionable conduct on appeal.

In *Lofton v. Texas Brine Corp.*, the Texas Supreme Court noted that a court of appeals had not changed anything in its opinion after the supreme court had remanded the case to the appellate court. 777 S.W.2d 384, 386 (Tex.1989). The supreme court concluded that the court of appeals had "disregarded [its] instructions," and further stated,

> This court need not defend its opinions from criticism from courts of appeals; rather they must follow this court's pronouncements. Nevertheless, since we assume the majority of the court of appeals panel has honestly had difficulty recognizing some contrary evidence and inferences and applying the correct standards of law, we will briefly present a review of why the lower court's analysis is incorrect.

*Id.*

As in *Lofton*, we will assume that the county court "has honestly had difficulty" in applying the correct standards of law in sanctioning Hoefker. Also, although the county court did not reference any specific "affronts made against the justice system," nor cite any legal authority for awarding Elgohary an additional $10,000 in attorney's fees as a sanction, we will presume that it did not do so intentionally to punish Hoefker for bringing his original, partially successful appeal. However, such a punishment is the ultimate effect of the county court's additional award upon remand. Of course, a trial court may not punish a party for appealing its error. *See Sipco Servs. Marine v. Wyatt Field Serv.*, 857 S.W.2d 602, 607–08 (Tex.App.-Houston [1st Dist.] 1993, no writ). Accordingly, we hold that the county court abused its discretion in awarding Elgohary an additional $10,000 in attorney's fees as sanctions.

We sustain Hoefker's second issue.

### Appellate Attorney's Fees

In his fourth issue, Hoefker contends that the county court abused its discretion in "awarding attorney's fees to [Elgohary] unconditionally, if [Hoefker] appeal[s]" the county court's judgment upon remand. Elgohary appears to agree that he is entitled to only appellate attorney's fees in the event Hoefker's appeal is unsuccessful.

Again, a trial court may not penalize a party for taking a successful appeal. *Sipco Servs. Marine*, 857 S.W.2d at 607–08; *Siegler v. Williams*, 658 S.W.2d 236, 241 (Tex.App.-Houston [1st Dist.] 1983, no writ). An award of appellate attorney's fees must be conditioned upon the appellant's unsuccessful appeal. *Sipco Servs. Marine*, 857 S.W.2d at 607; *Keith v. Keith*, 221 S.W.3d 156, 171 (Tex.App.-Houston [1st Dist.] 2006, no pet.). The proper remedy for an unconditional award of appellate attorney's fees is to modify the judgment and to make the award contingent upon the receiving party's success on appeal. *Keith*, 221 S.W.3d at 171; *Pao v. Brays Vill. E. Homeowners Ass'n*, 905 S.W.2d 35, 38–39 (Tex.App.-Houston [1st Dist.] 1995, no writ).

Here, in the conclusion of its judgment, the county court awarded Elgohary "additional reasonable attorney's fees of $9,750" in the event that Hoefker appealed and $11,750 in additional attorney's fees in the event that Hoefker appealed to the su-

preme court. These awards were made without regard to whether the appeal was successful or unsuccessful. Hoefker has been successful in the instant appeal in regard to the county court's additional sanctions award of $10,000 in attorney's fees that were rendered upon remand. Accordingly, we hold that Elgohary is not entitled to an award of $9,750 in appellate attorney's fees for Hoefker's appeal to this Court of the county court's judgment upon remand. However, we modify the county court's judgment upon remand to state that Elgohary may recover $11,750 in appellate attorney's fees in the event that Hoefker unsuccessfully appeals to the supreme court.

We sustain Hoefker's fourth issue.

### Conclusion

We modify the judgment to delete that portion of the judgment awarding Elgohary additional attorney's fees in the amount of $10,000. We further modify the judgment to delete that portion of the judgment awarding Elgohary $9,750 in the event of Elgohary's appeal to this Court. Finally, we modify the judgment to make the award of attorney's fees for an appeal to the Texas Supreme Court contingent upon an unsuccessful appeal to that court as follows: "in the event of an unsuccessful appeal by appellants, Paul Hoefker and Wilbanks & Hoefker, P.C., to the Texas Supreme Court, appellee, Victor S. Elgohary, will be entitled to $11,750 in reasonable attorney's fees." We affirm the judgment as so modified.