

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

---

No. 02-21-00259-CV

---

JAVIER AGUILAR, Appellant

V.

WELLS FARGO BANK, N.A., Appellee

---

On Appeal from the 348th District Court
Tarrant County, Texas
Trial Court No. 348-303129-18

---

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Chief Justice Sudderth

# MEMORANDUM OPINION

In one issue, Appellant Javier Aguilar argues that the trial court abused its discretion by admitting evidence of (and subsequently awarding) appellate attorney's fees to Appellee Wells Fargo Bank. We affirm.

Wells Fargo Bank brought a consumer credit card breach of contract suit against Aguilar. Aguilar appealed the trial court's entry of summary judgment (including an award of attorney's fees) in favor of Wells Fargo. The Amarillo Court of Appeals[1] affirmed the trial court's judgment as to everything but the award of appellate attorney's fees; it reversed and remanded the case to the trial court for "a determination of the amount Wells Fargo should recover as its reasonable and necessary attorney's fees on appeal." *Aguilar v. Wells Fargo Bank, N.A.*, No. 07-20-00036-CV, 2021 WL 317641, *6 (Tex. App.—Amarillo Jan. 29, 2021, no pet.).

Prior to the original trial, and in response to Aguilar's expert witness-related discovery requests, Wells Fargo disclosed the identity of Thomas M. Sellers and indicated that he would testify as to reasonable and necessary attorney's fees incurred by Wells Fargo.[2] Additionally, in an interrogatory seeking the identities of any witnesses that Wells Fargo expected to call to testify at trial, Wells Fargo responded that it expected to call Aguilar as well as another Wells Fargo employee.

---

[1]The case was transferred from this Court to the Amarillo Court pursuant to a docket equalization order. *See* Tex. Gov't Code Ann. § 73.001.

[2]Mr. Sellers, as attorney of record for Wells Fargo, also signed the disclosures.

At the attorney's fees hearing on remand, when Sellers attempted to testify as to the issue of appellate attorney's fees, Aguilar objected, arguing that there was a "lack of information in discovery regarding appellate attorney's fees in disclosures and the failure in interrogatories to specify or identify by name, address, and phone number any witness that will testify at trial or any proceeding." The trial court overruled this objection, and Sellers testified that Wells Fargo incurred $4,056 in appellate attorney's fees. Sellers also sponsored a billing record from his law firm reflecting this amount that was admitted into evidence without objection.

In arguing that the trial court should not have admitted evidence of appellate attorney's fees, Aguilar makes two related claims. First, he argues that Sellers should not have been allowed to testify because he was not named as a "trial witness" in Wells Fargo's response to Aguilar's interrogatory. Second, Aguilar argues that because Wells Fargo's expert witness designation omitted any reference to appellate attorney's fees, Wells Fargo was not entitled to recover any amount for appellate attorney's fees. We will address each claim in turn.

Expert testimony is necessary to determine the reasonableness and necessity of attorney's fees. *See Woollett v. Matyastik*, 23 S.W.3d 48, 52 (Tex. App.—Austin 2000, no pet.) (op. on reh'g) ("Expert testimony is required to support an award of attorney's fees."). For cases filed prior to January 1, 2021, a party may request disclosure of a testifying expert's name, address, and telephone number, along with

the subject matter on which the expert will testify. Tex. R. Civ. P. 194.2(f)(1), (2).[3]  If a party subsequently learns that his response is incomplete or incorrect when made or is no longer complete and correct, the party has an affirmative duty to amend or supplement his response. *See* Tex. R. Civ. P. 193.5(a).

A party who fails to amend or supplement a discovery response in a timely manner may not introduce into evidence the material or information that was not timely disclosed unless the court finds that (1) there was good cause for the failure to timely amend or supplement the discovery response or (2) the failure to timely amend or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties. Tex. R. Civ. P. 193.6(a).  The trial court's decision to admit or exclude evidence as a result of an alleged discovery violation is reviewed under an abuse-of-discretion standard. *See Miller v. Kennedy & Minshew, P.C.*, 142 S.W.3d 325, 348 (Tex. App.—Fort Worth 2003, pet. denied).

Aguilar challenges the trial court's decision to allow Sellers to testify at all.  He bases this on the fact that Sellers's name was not provided in a response to an interrogatory requesting information about what witnesses would testify at trial and

---

[3]In 2020, the Supreme Court of Texas amended Rule 194, effective January 1, 2021.  A party is now required to disclose expert witness information without waiting for a discovery request by the other party. *See* Tex. R. Civ. P. 194.2, 195.5(a); Order, Misc. Docket No. 20-9153 (Tex. Dec. 23, 2020). Our citations to the discovery rules refer to the former versions.

that Wells Fargo failed to amend or supplement its responses before the hearing on remand.

But Wells Fargo designated Sellers as a testifying expert, and "[a] party may obtain information concerning testifying expert witnesses only through disclosure under this rule and through depositions and reports as permitted by this rule." Tex. R. Civ. P. 195.1. Accordingly, Aguilar's interrogatory was not a permissible method for Aguilar to obtain information about Sellers, a testifying expert. *See In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 814 (Tex. 2017) (orig. proceeding); *see also In re Ford Motor Co.*, 427 S.W.3d 396, 397 (Tex. 2014) (orig. proceeding) ("Rule 195 addresses the methods for obtaining such information, limiting testifying-expert discovery to that acquired through disclosures, expert reports, and oral depositions of expert witnesses.").

In its disclosures, Wells Fargo identified Sellers as an expert who would testify "as to the reasonable and necessary attorneys' fees incurred by" Wells Fargo in the course of the litigation.[4] In addition to identifying Sellers, Wells Fargo provided

---

[4]Aguilar argues that Wells Fargo's designation of expert testimony is lacking because it fails to specify "appellate" attorney's fees. Aguilar does not direct us to any authority that would distinguish between trial and appellate attorney's fees in discovery responses. Indeed, there is no reason to presume that such a segregation is necessary. *See Udcoff v. Castille*, No. 11-04-00274-CV, 2006 WL 2075244, at *12 (Tex. App.—Eastland July 27, 2006, no pet.) (holding that trial court could have concluded that appellee's designation of counsel as expert witness on attorney's fees did not unfairly surprise or unfairly prejudice appellant on the subject of appellate attorney's fees).

Aguilar with Sellers's address and telephone number. Because Wells Fargo's designation of Sellers as an expert witness fulfilled its duty under the discovery rules, there was no reason for the trial court to strike Sellers's testimony due to his being an undisclosed "trial witness," and the trial court did not commit error by allowing Sellers to testify.

Second, to the extent Aguilar complains that all evidence regarding the amount of appellate attorney's fees should have been excluded because Wells Fargo did not adequately disclose the full subject matter of Sellers's testimony, we note that Aguilar failed to object to a billing record that Wells Fargo offered and that the trial court admitted into evidence reflecting that Wells Fargo expended $4,056 in appellate attorney's fees, and it was admitted for all purposes. By failing to object to this billing record reflecting the amount of appellate fees incurred by Wells Fargo, Aguilar has waived any complaint about Sellers's testimony on the same point. *See* Tex. R. App. P. 33.1; *Hoefker v. Elgohary*, 248 S.W.3d 326, 331 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (holding that appellant's objection that appellee did not disclose attorney-expert on issue of fees failed to preserve complaint on appeal about admission of attorney's fees billing invoices); *see also In re S.B.*, 207 S.W.3d 877, 883 (Tex. App.—Fort Worth 2006, no pet.) (holding that admission of evidence is harmless if same or similar evidence is subsequently admitted without objection).

Having overruled Aguilar's sole issue, we affirm the trial court's judgment.

6

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: August 4, 2022