Harriett BECKSTROM, D.O., Appellant,

v.

Matt GILMORE, Appellee.

No. 11–93–278–CV.

Court of Appeals of Texas, Eastland.

Nov. 3, 1994.

Rehearing Overruled Dec. 1, 1994.

James Murphy, Dallas, for appellant.

Jeffery E. Cook, Sullivan, Parker & Cook, Dallas, for appellee.

## OPINION

RALEIGH BROWN, Justice, Retired.

Matt Gilmore, an attorney, sued Dr. Harriett Beckstrom to recover attorney's fees for legal services performed in connection with the collection of past due accounts related to Beckstrom's medical practice. After a non-jury trial, judgment was rendered in Gilmore's favor for $1,650.00 in actual damages and $3,512.50 for attorney's fees. Beckstrom appeals. We affirm.

■ In two points of error, Beckstrom contends that the trial court erred (1) in rendering judgment for Gilmore because the Statute of Frauds, TEX.BUS. & COM.CODE ANN. § 26.01 (Vernon 1987), prohibits enforcement of his alleged oral agreement with her and (2) in awarding judgment for Gilmore's pro se attorney's fees.

Section 26.01(a) & (b)(6) provides:

(a) A promise or agreement described in Subsection (b) of this section is not enforceable unless the promise or agreement, or a memorandum of it, is

(1) in writing; and

(2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him.

(b) Subsection (a) of this section applies to:

(6) an agreement which is not to be performed within one year from the date of making the agreement.

Gilmore was hired by Beckstrom to write demand letters to patients who had not paid their bills. Compensation to Gilmore for such services was to be ten dollars for each letter written and one-third of any sums collected as a result of sending the letters. Gilmore did not seek recovery of any contingent fees.

It is undisputed that Gilmore wrote and sent 195 demand letters; that there was no writing signed by Beckstrom evidencing any promise or agreement; and that, except for one $300 payment, no other amount was paid toward the $10 per letter charge. Beckstrom testified that she never planned to sue the patients who did not pay as a result of the demand letters. She further testified that she did not know how long Gilmore's work would take; but, within four months after its inception, she considered her agreement with Gilmore to be at an end.

This is a suit based on an indefinite term employment contract. The court in *Niday v. Niday*, 643 S.W.2d 919 (Tex.1982), cited *Miller v. Riata Cadillac Company*, 517 S.W.2d 773 (Tex.1974), saying:

There this Court articulated the general rule that, where the parties do not fix the time of performance and the agreement itself does not indicate that it cannot be performed within one year, the contract does not violate the statute.

While the general rule regarding performance duration is as stated in *Miller v. Riata Cadillac Co.*, supra, this Court has also held that, where the agreement, either by its terms or by the nature of the required acts, cannot be completed within one year, it falls within the statute and must therefore be in writing. *Hall v. Hall*, 158 Tex. 95, 308 S.W.2d 12 (1957). That is, where an oral contract omits the performance term, duration may properly be implied from extrinsic evidence. *If that evidence conclusively proves that the contract cannot be completed within one year*, as is the case here, the oral contract violates the Statute of Frauds as a matter of law. *Krueger v. Young*, 406 S.W.2d 751 (Tex.Civ.App.—Eastland 1966, writ ref'd n.r.e.). (Emphasis added).

We hold that the agreement itself does not indicate, nor does the evidence conclusively prove, that the contract could not be complet-

ed within one year. The first point of error is overruled.

■ In her second point, Beckstrom challenges the award of pro se attorney's fees. Gilmore, a licensed attorney, initially represented himself and accumulated 12 hours of time for such representation. Jeffrey Cook, an attorney, represented Gilmore from that point forward. The trial court awarded $3,512.50 in attorney's fees, including fees for Gilmore. Cook testified as to his $2,012.50 in attorney's fees.

We have found no Texas authority that squarely answers the question of whether an attorney appearing pro se may recover attorney's fees under TEX.CIV.PRAC & REM. CODE ANN. §§ 38.001 & 38.002 (Vernon 1986).

The legislature has expressly set out the procedure for the recovery of attorney's fees under Section 38.002:

To recover attorney's fees under this chapter:

(1) the claimant must be represented by an attorney;

(2) the claimant must present the claim to the opposing party or to a duly authorized agent of the opposing party; and

(3) payment for the just amount owed must not have been tendered before the expiration of the 30th day after the claim is presented.

Appellant cites no authority that adds the requirement that the claimant must be represented by another person. We decline to add such a requirement.

In *Tesoro Petroleum Corporation v. Coastal Refining & Marketing, Inc.*, 754 S.W.2d 764, 766 (Tex.App.—Houston [1st Dist.] 1988, writ den'd), the court held that a successful claimant may recover attorney's fees for an in-house counsel under Section 38.001. The court reasoned that Section 38.001 supported compensation to the prevailing party for time that an in-house counsel could have spent on other corporate matters.

The Fifth Circuit has extended the reasoning in *Tesoro* and has held that Chapter 38 of the Texas Civil Practice and Remedies Code entitles a law firm represented by one of its own attorneys to recover attorney's fees. The court stated:

Just as the corporation should be entitled to compensation for the time which in-house counsel could have spent on other corporate matters, so is a law firm entitled to compensation for the time which the representing attorney could have spent on other client matters.

*Campbell, Athey & Zukowski v. Thomasson*, 863 F.2d 398, 400 (5th Cir.1989). The court expressly did not reach the issue of whether a self-represented sole practitioner can recover attorney's fees under Chapter 38. However, the court did note that it could discern no reason why the statute should allow attorney's fees for artificial entities represented by in-house counsel but not for the self-represented sole practitioner.

In *Pullman v. Brill, Brooks, Powell & Yount*, 766 S.W.2d 527, 530 (Tex.App.—Houston [14th Dist.] 1988, no writ), the court stated:

While it is true that a party must have retained an attorney to be eligible for attorney's fees, we are not persuaded by appellant's contention that an attorney who spends his own time to recover a legal fee should not be allowed to recover the reasonable value of that time.

The Amarillo Court of Appeals has held that a sanction consisting of an award of attorney's fees to an attorney appearing pro se is not appropriate under TEX.R.CIV.P. 215(2)(b)(8). *Beasley v. Peters*, 870 S.W.2d 191, 196 (Tex.App.—Amarillo 1994, no writ). We note that the court in *Beasley* was not construing Section 38.002. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.

DICKENSON, J., not participating.

BROWN, J., sitting by assignment.