**In re Frederick L. McGUIRE d/b/a The Law Offices of Frederick L. McGuire.**

**No. 10–03–273–CV.**

Court of Appeals of Texas, Waco.

Jan. 28, 2004.

Michael M. Essmyer, Essmyer & Tritico, L.L.P., Houston, Clinard J. Hanby, The Woodlands, Roy W. Hill, Fairfield, for Appellant/Relator.

Michael Thomas, Mexia, for Appellee/Respondent.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.*

* Chief Justice Davis resigned effective August 4, 2003. *See* Tex.R.App. P. 41.1(c). Justice

## OPINION

TOM GRAY, Chief Justice.

Relator, Frederick L. McGuire, brings a petition for writ of mandamus seeking relief from a discovery abuse sanction order entered by respondent, Judge Kenneth H. Keeling, the judge of the 278th District Court. The case from which this mandamus arises is pending in the 87th District Court.

### JURISDICTION

■ McGuire first contends that Judge Keeling had no jurisdiction to sign the sanction order because he heard and determined the motion outside the confines of the 87th Judicial District. McGuire relies on *Howell* which held that if a court renders judgment or issues an order while sitting outside the county in which suit is pending, the judgment or order is void. *Howell v. Mauzy*, 899 S.W.2d 690, 699 (Tex.App.-Austin 1994, writ denied).

The 278th District Court has jurisdiction over Grimes, **Leon**, Madison, and **Walker** counties. TEX. GOV'T CODE ANN. § 24.455 (Vernon 1988) (emphasis added). Judge Keeling is the elected District Judge of this court.

The 87th District Court has jurisdiction over Anderson, Freestone, **Leon**, and Limestone counties. TEX. GOV'T CODE ANN. § 24.189 (Vernon 1988) (emphasis added). Judge Evans is the elected District Judge of this court.

The Texas Constitution provides that a district court "shall conduct its proceedings at the county seat of the county in which the case is pending, except as provided by law." TEX. CONST. art. V, § 7. It also provides, however, that district judges "may exchange districts, or hold courts for each other when they deem it expedient, and shall do so when required by law." TEX. CONST. art. V, § 11.

Statutorily, the 278th and the 87th Courts can hear matters pending in each other's court. The judges of those courts "may, in their discretion, exchange benches or districts from time to time." TEX. GOV'T CODE ANN. § 24.303(a) (Vernon 1988).[1] Section 24.017 of the Government Code specifically provides:

A district judge who is assigned to preside in a court of another judicial district *or is presiding in exchange or at the request of the regular judge of the court* may, in the manner provided by this section for the regular judge, hear, determine and enter the orders, judgments, and decrees in a case that is pending for trial or has been tried before the visiting judge.

TEX. GOV'T CODE ANN. § 24.017(d) (Vernon 1988) (emphasis added). That is, Judge Keeling could, in the manner provided by the statute for Judge Evans, hear, determine, and enter orders, judgments, and decrees. But what is Judge Evans authorized by the Constitution and statutes to do? Being a judge of a multicounty district court, Judge Evans may, in any county in *her* district, hear and determine all preliminary and interlocutory matters in which a jury may not be demanded, and may sign all necessary orders and judgments in those matters. *See* TEX. GOV'T

---

Reyna, who took the oath of office on January 5, 2004, participated in the decision of the court.

1. The record shows that on the date of the hearing, Judge Evans was hearing matters in Leon County. We do not address whether the exercise of the courts' discretion or request for an exchange of benches must be in writing or can be part of the custom and practice of a county and thereby be conducted under an oral agreement or long-standing unwritten custom. *See generally Davila v. State*, 651 S.W.2d 797 (Tex.Crim.App.1983). Undoubtedly a local rule or other writing is preferable.

CODE ANN. § 24.017(b)(1) & (2) (Vernon 1988) (emphasis added).

While physically present in Walker County, Judge Keeling heard and considered a motion for sanctions in a Leon County case from the 87th District Court, Judge Evans's court. As the 278th District Judge, sitting for the 87th District Court, it is undisputed that Judge Keeling could have heard the motion in any county in which the 87th District Court had jurisdiction. *See* TEX. GOV'T CODE ANN. § 24.017 (Vernon 1988). But the 87th District Court does not have jurisdiction in Walker County where Judge Keeling heard the motion.

The real party in interest argues that section 74.094(a) and (e) of the Government Code authorizes Judge Keeling to hear and decide the sanction motion while physically present in a county outside the 87th District; that is, while he was in Walker County. We disagree.

Section 74.094(a) provides:

(a) A district or statutory county court judge may hear and determine a matter pending in any district or statutory county court in the county regardless of whether the matter is preliminary or final or whether there is a judgment in the matter. The judge may sign a judgment or order in any of the courts regardless of whether the case is transferred. The judgment, order, or action is valid and binding as if the case were pending in the court of the judge who acts in the matter. The authority of this subsection applies to an active, former, or retired judge *assigned* to a court having jurisdiction as provided by Subchapter C.

TEX. GOV'T CODE ANN. § 74.094(a) (Vernon Supp.2004) (emphasis added). Subchapter C concerns administrative judicial regions and the assignment of judges. *See id.* at § 74.041– § 74.062 (Vernon 1998 & Vernon Supp.2004). Thus, the authority of subsection (a) applies to assigned judges, and there is no order of assignment in this record. Judge Keeling cannot acquire his authority to hear and determine a case pending in the 87th District Court from subsection (a).

■ Subsection (e) provides:

A judge who has jurisdiction over a suit pending in one county may, unless objected to by any party, conduct any of the judicial proceedings except the trial on the merits in a different county.

TEX. GOV'T CODE ANN. § 74.094(e) (Vernon Supp.2004). Subsection (e) seems to allow a judge to hear anything but the trial on the merits in a different county. But, in the context of this statute, this makes no sense. In construing a statute, we read it as a whole and interpret it to give effect to every part. *City of San Antonio v. City of Boerne,* 111 S.W.3d 22, 25 (Tex.2003). Chapter 74 of the Government Code is the Court Administration Act. This Chapter does not provide for an exchange of benches; only assignment, docketing, transfer, and the hearing of such cases. *See e.g.* TEX. GOV'T CODE ANN. § 74.092 (Vernon 1998). For authorization to exchange benches among themselves, the courts must look to Chapter 24 of the Government Code; and then only judges in multicounty districts may hear and determine non-jury preliminary and interlocutory matters in any county in that judge's district. TEX. GOV'T CODE ANN. §§ 24.303(a) and 24.017 (Vernon 1988).

Under section 24.017, Judge Keeling had jurisdiction to hear and decide the case if physically present within any one of the counties in the 87th Judicial District. Because, on the record before us, the only authority under which he could be hearing this case was sitting under the exchange of benches with Judge Evans, Judge Keeling

had no jurisdiction to hear and decide the motion in the Leon County case in Walker County. The sanction order issued by Judge Keeling is void.

### EXCESSIVENESS OF SANCTIONS

McGuire next contends that, even if Judge Keeling had jurisdiction to hear and decide the sanction motion, Judge Keeling abused his discretion in the level of sanctions imposed. We agree. No prior sanctions had been imposed. As the first sanctions ordered in the case, the trial court ordered:

1. The Defendant and his attorney, Pamela Carroll, pay to Plaintiffs' attorney, Michael Thomas, attorneys fee of $5,000 plus reimbursement of all expenses of discovery in the amount of $150 by no later than 8/1, 2003.

2. The Defendants' Motion to Transfer Venue and Motion for Summary Judgment be denied.

3. The Defendants not be allowed any discovery of any type.

4. The Defendants not be allowed to oppose claims made by the Plaintiffs.

5. That the deposition of the Defendant, Frederick L. McGuire and his agents, servants or employees be taken in the Law Offices of Michael Thomas at the Defendants' expense at a time and date to be designated by Plaintiffs' counsel and that the Defendants pay the court reporter and/or videographer for such deposition within 10 days of receipt of such statement.

6. That the Defendants answer fully and completely Plaintiffs's First Set of Interrogatories by July 25, 2003 at 12:00 noon.

7. That the Defendants file full and complete responses to Plaintiffs' First Request for Production by July 25, 2003 at 12:00 noon.

A legitimate purpose of sanctions is to obtain compliance. *Spohn Hosp. v. Mayer,* 104 S.W.3d 878, 882 (Tex.2003); *TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 917 (Tex.1991). And the Rules of Civil Procedure specifically require sanctions to be "just." Tex.R. Civ. P. 215.2(b). Thus, before imposing severe sanctions, it must be shown that lesser sanctions had been imposed and were unsuccessful in obtaining compliance or that for some reason, lesser sanctions would not have been successful. *See TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d at 918. Lesser sanctions had not previously been imposed, and it has not been shown that lesser sanctions would have been ineffective. *See G.T.E. Communications Sys. Corp. v. Tanner,* 856 S.W.2d 725, 729 (Tex.1993). Therefore, the trial court abused its discretion in imposing the sanctions described above.

### REMEDY BY APPEAL

We next consider whether McGuire has an adequate remedy by appeal. If he does, then the writ of mandamus must be denied. *See Walker v. Packer,* 827 S.W.2d 833, 841 (Tex.1992). Because Judge Keeling's order was void, McGuire need not show he does not have an adequate appellate remedy and mandamus relief is appropriate. *In re Southwestern Bell Tel. Co.,* 35 S.W.3d 602, 605 (Tex.2000). Additionally, Rule 215.1 states that orders imposing discovery sanctions "shall be subject to review on appeal from the final judgment." Tex.R. Civ. P. 215.1(d). But sanctions should not be imposed in such a way that effective appellate review is thwarted. *TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 919 (Tex.1991). Whenever a trial court imposes sanctions which have

the effect of adjudicating a dispute but do not result in rendition of an appealable judgment, then the eventual remedy by appeal is inadequate. *Id.* Sanction 4 has the effect of adjudicating the dispute between McGuire and the real party in interest. Thus, McGuire does not have an adequate remedy by appeal and mandamus is proper.

### CONCLUSION

We conditionally grant the mandamus and direct the 278th District Court judge to withdraw its order of July 18, 2003 in cause number AP–03–211B. The writ will issue if the trial court fails to withdraw its order within 20 days of the date of this opinion.