IN THE

TENTH COURT OF
APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-04-00197-CV

 

In re First Savings Bank, FSB,

Richard Driscoll, Southwest Securities Group, Inc.,

William D. Felder, Haynes and Boone, LLP,

Greg R. Samuel and Craig Unterberg

 

 



Original
Proceeding

 

 



MEMORANDUM 
Opinion



 








          Relators
seek a writ of mandamus from this Court directing Respondents to vacate a
show-cause order issued in connection with a contempt motion filed by Walter G.
Mize and alleging that Relators had failed to comply with a temporary
injunction which this Court dissolved in an interlocutory appeal.  Because the appeal of the temporary
injunction is now pending in the Supreme Court, the trial court has no
jurisdiction to enforce the order.  Thus,
we will conditionally grant the writ.

          The
Honorable D. Wayne Bridewell, Judge of the 249th District Court
 of Johnson
 County, granted Mize’s request for a temporary
injunction in the underlying proceeding. 
Relators perfected an interlocutory appeal to this Court.  In a memorandum opinion, we reversed the order
granting the temporary injunction, dissolved the injunction, and remanded the
cause to the trial court with instructions to dismiss Mize’s claims for want of
jurisdiction.  First Sav. Bank, FSB v. United Heritage Corp., No. 10-03-00118-CV,
slip op. at 6, 2004 Tex. App. LEXIS 4345, at *7-8 (Tex. App.—Waco May
12, 2004, pet. filed) (mem. op.).

          Mize
filed a petition for review in the Supreme Court, which remains pending.  Mize then filed the contempt motion in the
trial court, complaining that Relators have failed to comply with the temporary
injunction.  On the same date, the
Honorable William C. Bosworth, Jr., Judge of the 413th District Court
 of Johnson
 County, issued an order requiring Relators to appear
and show cause why they should not be held in contempt.  See
Tex. Gov't Code Ann. § 24.303(a)
(Vernon 2004).

          Relators
contend that the trial court did not have jurisdiction to issue the show-cause
order because of the pendency of the appeal.

          For
appealable orders in the nature of an injunction, in which the validity of the
order alleged to have been violated is itself in issue in the appeal, the
appellate court alone is vested with jurisdiction to enforce the injunctive
provisions by contempt.

 

Schultz
v. Fifth Jud. Dist. Ct. of Apps.,
810 S.W.2d 738, 740 (Tex.
1991) (orig. proceeding) (footnote omitted); In re Taylor, 39 S.W.3d 406, 409-10 (Tex. App.—Waco 2001,
orig. proceeding); In re Goldblatt,
38 S.W.3d 802, 804 (Tex. App.—Fort Worth 2001, orig. proceeding).  Under the rationale of Schultz and its progeny, we agree with Relators’ contention.

          Because
the trial court lacked jurisdiction to issue the show-cause order, Relators
need not show that they have no other adequate legal remedy.  In re
Sw. Bell Tel. Co., 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam); In re McGuire, 134 S.W.3d 406, 410 (Tex.
App.—Waco 2004, orig. proceeding).

          Although
Relators name as Respondents both Judge Bridewell, the elected judge of the
249th District Court, and Judge Bosworth, who sat as judge of the
249th District Court under the exchange of benches provision of the Government
Code, Judge Bridewell is the proper respondent in this case.  See In
re Dilley Indep. Sch. Dist., 23 S.W.3d 189, 190 n.1 (Tex. App.—San Antonio
2000, orig. proceeding); Hoggard v. Snodgrass,
770 S.W.2d 577, 588 (Tex. App.—Dallas 1989, orig. proceeding).

The trial court had no jurisdiction to enforce
the temporary injunction because of the pendency of the appeal.  Accordingly, we conditionally grant the requested writ of
mandamus.  The writ will issue if Judge
Bridewell fails to advise this Court in writing within fourteen days after the
date of this opinion that he has vacated the show-cause order.

 

                                                          FELIPE
REYNA

                                                          Justice

 

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Writ conditionally granted

Opinion delivered and filed September
 15, 2004

[OT06]