

# NUMBER 13-23-00122-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ISAAC SAGREDO,                                                              Appellant,

v.

JOHNATHAN BALL,                                                            Appellee.

### On appeal from the 389th District Court
### of Hidalgo County, Texas.

## OPINION ON REHEARING

**Before Chief Justice Contreras and Justices Benavides and Tijerina
Opinion on Rehearing by Chief Justice Contreras**

We handed down our opinion and judgment in this matter on February 8, 2024. Appellant Isaac Sagredo has filed a motion for rehearing. We grant the motion for rehearing, withdraw our February 8, 2024 opinion and judgment, and substitute the following opinion and accompanying judgment in their place.

Sagredo filed a breach of contract suit in Hidalgo County against appellee

Johnathan Ball, and the trial court granted Ball's motion to dismiss the suit under Texas Rule of Civil Procedure 91a. *See* TEX. R. CIV. P. 91a. In this appeal, Sagredo argues by five issues that the trial court abused its discretion by granting the Rule 91a motion and awarding Ball attorney's fees. We affirm as modified.

## I.   BACKGROUND

In 2018, Marcella Solano sued her ex-husband Sagredo asserting various causes of action including abuse of process, assault, conspiracy, and malicious prosecution. Sagredo filed counterclaims against Solano. On August 8, 2018, Sagredo and Solano entered into a settlement agreement in which they agreed to release the pending claims against each other. The agreement provided in relevant part:

> 1.04    For and in consideration of the agreement that SOLANO will not seek to utilize documents, information or testimony in any form which arose out of an altercation and arrest in Las Vegas, New Mexico [sic[1]], between the parties in any forum or litigation between the parties in the future; provided that should SAGREDO seek to assert a position contrary to the information contained within the documents in litigation between the parties then SOLANO may utilize the documents, information, or testimony for impeachment purposes only.

In 2020, Sagredo filed the instant suit for breach of contract against Solano in the 389th District Court of Hidalgo County.[2] His original petition alleged that Solano breached the settlement agreement by filing a motion in a separate child custody proceeding which was pending between her and Sagredo in the Hidalgo County Court at Law No. 8. Specifically, Sagredo alleged that Solano's motion in the custody case contained a footnote which "references the incident in Las Vegas" and therefore violated section 1.04

---

[1] Las Vegas is the name of a city in San Miguel County, New Mexico. *See* City Government | Las Vegas NM, https://www.lasvegasnm.gov/ (last visited Dec. 22, 2023). However, the incident referred to in the agreement apparently occurred in Nevada.

[2] Solano is not a party to this appeal.

of the agreement.

On December 2, 2021, Sagredo filed an amended petition adding Ball—Solano's attorney in the custody case—as a defendant. Ball filed an answer generally denying the allegations and asserting affirmative defenses. Later, Ball filed a motion to dismiss pursuant to Texas Rule of Civil Procedure 91a, arguing that the breach of contract claim against him "has no basis in law" because: (1) Ball "cannot be sued for acts undertaken in relation to his representation of [Solano] as her attorney"; (2) there is no contract between Ball and Sagredo; and (3) Sagredo's petition seeks damages "to which he is not entitled and cannot recover."

On May 17, 2022, the presiding judge of the Fifth Administrative Judicial Region assigned the Honorable Gloria M. Rincones, the presiding judge of the 445th District Court in Cameron County, to preside over Sagredo's suit. *See* TEX. GOV'T CODE ANN. § 74.056(c).[3] On October 26, 2022, Judge Rincones held a hearing on Ball's Rule 91a motion at the Cameron County Courthouse in Brownsville, and at the conclusion of the hearing, the judge orally granted the Rule 91a motion. On November 16, 2022, Judge Rincones signed a written order granting the Rule 91a motion, dismissing the claim against Ball with prejudice, awarding Ball $8,375 in trial attorney's fees, and awarding Ball an additional $10,000 "in attorney fees for the cost of appeal, should an appeal be pursued by Mr. Sagredo."

Sagredo filed a motion for reconsideration, which was denied after a hearing on February 17, 2023. That same day, Judge Rincones signed another order granting the

---

[3] The presiding judge of the 389th District Court, the Honorable Letty Lopez, recused herself from the case, necessitating the appointment.

3

Rule 91a motion, dismissing the claim against Ball, and severing the dismissed claim. Similar to the previous order, the February 17, 2023 order awarded Ball $8,375 in trial attorney's fees and $10,000 "in attorney fees in the event an appeal is taken from this Order."[4] This appeal followed.

## II.    DISCUSSION

### A.    Location of Proceedings

By his first and second issues on appeal, Sagredo contends that Judge Rincones abused her discretion by "h[olding] a hearing at a place other than the seat of the county where the case was pending, []requiring the personal attendance of the parties, and sign[ing] an Order granting relief requested at the out of county hearing."[5] By his third issue, Sagredo contends that, for the same reason, the trial court erred by denying his motion for reconsideration of the Rule 91a dismissal order. We consider the issues together.

The Texas Constitution provides that "[a] District Court shall conduct its proceedings at the county seat of the county in which the case is pending, except as

---

[4] As Sagredo notes in his brief, the February 17, 2023 order does not assign a new cause number to the severed claim, nor does it direct the clerk to open a new file for the severed claim. He asserts that "[n]o new file has been opened by the District Clerk" as of the time he filed his brief. Nevertheless, we have jurisdiction over this appeal. *See McRoberts v. Ryals*, 863 S.W.2d 450, 452–53 (Tex. 1993) (concluding that "an order granting a severance with a judgment in the cause ordered severed is effective when signed" and "became effective without the district clerk's creation of a separate physical file with a different cause number"); *see also Lankford v. Abreo*, No. 03-22-00303-CV, 2023 WL 4473391, at *2 n.1 (Tex. App.—Austin July 12, 2023, pet. filed) (mem. op.) (finding, where trial court ordered that the case be severed and given a new cause number, that the order "was effective to grant the severance" even though notice of appeal was filed before the new cause number was actually assigned); *Arlitt v. Ebeling*, No. 03-18-00646-CV, 2018 WL 6496714, at *3 (Tex. App.—Austin Dec. 11, 2018, no pet.) (mem. op.) (noting that the lack of a new cause number for the severed case does not affect the finality of a severance order).

[5] We previously denied without prejudice a petition for writ of mandamus filed by Sagredo making the same argument. *In re Sagredo*, No. 13-23-00154-CV, 2023 WL 5217816, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 14, 2023, orig. proceeding) (mem. op.) (holding that "Sagredo has not met his burden of proof to obtain mandamus relief" but that "[a]ny issues presented in this original proceeding may be addressed in the pending appeal").

4

otherwise provided by law." TEX. CONST. art. 5, § 7. That law includes Texas Government Code § 74.094(e), which states that "[a] judge who has jurisdiction over a suit pending in one county may, unless objected to by any party, conduct any of the judicial proceedings except the trial on the merits in a different county." TEX. GOV'T CODE ANN. § 74.094(e). Sagredo did not complain about the Rule 91a hearing being held in Cameron County until the February 17, 2023 hearing on his motion for reconsideration.[6]

Sagredo advances several arguments for why § 74.094(e) does not apply here. First, he cites Article 5, § 11 of the Texas Constitution, which provides:

> No judge shall sit in any case wherein the judge may be interested, or where either of the parties may be connected with the judge, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when the judge shall have been counsel in the case. . . . When a judge of the District Court is disqualified by any of the causes above stated, the parties may, by consent, appoint a proper person to try said case; or upon their failing to do so, a competent person may be appointed *to try the same in the county where it is pending*, in such manner as may be prescribed by law.

TEX. CONST. art. 5, § 11 (emphasis added). Here, Judge Rincones was not appointed to replace a judge who was disqualified for being interested in the case, being connected to the parties by affinity or consanguinity, or having served as counsel in the case. *See id.* Accordingly, this provision does not preclude the application of § 74.094(e). *See id.*

Sagredo next cites *In re McGuire*, in which the Waco court of appeals held that § 74.094(e) "seems to allow a judge to hear anything but the trial on the merits in a different county," but "in the context of this statute, this makes no sense." 134 S.W.3d 406, 409 (Tex. App.—Waco 2004, orig. proceeding) (noting that "[i]n construing a statute,

---

[6] Sagredo does not argue that, by filing a motion for reconsideration, he effectively "objected" to the Cameron County hearing so as to make it impermissible under § 74.094(e). *See* TEX. GOV'T CODE ANN. § 74.094(e).

we read it as a whole and interpret it to give effect to every part"). In that case, the presiding judge of the 278th District Court (which has jurisdiction in Leon and Walker counties, among others) held a hearing in Walker County in a case pending in the 87th District Court (which has jurisdiction in Leon County, among others, but not Walker County). *Id.* at 408 (citing TEX. GOV'T CODE ANN. §§ 24.189, 24.455). The court of appeals found that, "on the record before us, the only authority under which [the 278th District Court judge] could be hearing this case was sitting under the exchange of benches with [the 87th District Court judge]." *Id.* at 409. Therefore, under § 24.017 of the government code, the trial judge "had jurisdiction to hear and decide the case if physically present within any one of the counties in the 87th Judicial District." *Id.*; *see* TEX. GOV'T CODE ANN. § 24.017(d) ("A district judge who is assigned to preside in a court of another judicial district or is presiding in exchange or at the request of the regular judge of the court may, *in the manner provided by this section for the regular judge*, hear, determine, and enter the orders, judgments, and decrees in a case that is pending for trial or has been tried before the visiting judge." (emphasis added)); *id.* § 24.017(b) (providing generally that, in judicial districts that are composed of more than one county, a district judge may hear non-trial matters "in any county in his judicial district").

We decline to apply *McGuire* here for three reasons. First, though § 24.017(d) permits an assigned or exchanged judge to hold hearings and enter orders "in the manner provided by this section for the regular judge," it does not explicitly or implicitly forbid the judge from conducting proceedings outside the district in *other* manners which are in accordance with the law. In other words, the statute does not purport to be the sole, exclusive authority governing the location of proceedings in cases involving assigned or

6

exchanged judges. Therefore, we disagree that § 74.094(e) "makes no sense" in the "context of this statute." *See In re McGuire*, 134 S.W.3d at 409. Second, unlike *McGuire*, this case does not involve the exchange of benches. Third, in any event, § 24.017 does not apply here because, unlike the judicial districts at issue in *McGuire*, the 389th and 445th Judicial Districts are each composed of only one county. *See* TEX. GOV'T CODE ANN. § 24.017(a) ("This section applies in judicial districts that are composed of more than one county."); *id.* § 24.534(a) ("The 389th Judicial District is composed of Hidalgo County."); *id.* § 24.589(a) ("The 445th Judicial District is composed of Cameron County.").

Sagredo also cites *Mellon Service Co. v. Touche Ross & Co.*, in which the Fourteenth Court of Appeals held that a visiting judge violated article 5, § 7 by holding a summary judgment hearing in Galveston County instead of Harris County, where the case was pending, and that the resulting judgment was therefore void. 946 S.W.2d 862, 870 (Tex. App.—Houston [14th Dist.] 1997, no writ); *see Howell v. Mauzy*, 899 S.W.2d 690, 699 (Tex. App.—Austin 1994, writ denied) ("[I]f the court renders judgment or issues an order while sitting outside the county in which suit is pending, such judgment or order is void."). The court noted that the hearing was held in Galveston County "[w]ith the agreement of the parties." *Mellon*, 946 S.W.2d at 864. But neither party urged the applicability of § 74.094(e), and the appeals court did not mention that statute in its opinion. *See id.* at 865 ("Neither party contends that any other statute controls this case and we are of the opinion that none applies."). Instead, the case turned on the court's interpretation of the word "proceeding" as used in article 5, § 7. *See id.* at 867–70 (concluding that "proceeding" includes a summary judgment hearing). Because the *Mellon* court did not consider the applicability of § 74.094(e), we do not find it persuasive

7

on the issue of whether it applies here. To the extent *Mellon* holds that § 74.094(e) does not allow a proceeding other than trial on the merits to be held outside the county in which the case is pending, even when the parties consent, we find it is wrongly decided and we decline to follow it.

Finally, Sagredo contends that § 74.094(e) does not apply because a Rule 91a hearing is a "trial on the merits." *See* TEX. GOV'T CODE ANN. § 74.094(e). He cites *Dallas County Republican Party v. Dallas County Democratic Party*, in which the Dallas court of appeals noted in a memorandum opinion that "[a] dismissal under [Rule] 91a is a judgment on the merits and presumably carries res judicata implications." No. 05-18-00916-CV, 2019 WL 4010776, at *4 (Tex. App.—Dallas Aug. 26, 2019, pet. denied) (mem. op.). A Rule 91a order may well be a "judgment on the merits," but Sagredo cites no authority, and we find none, establishing that a Rule 91a hearing is a "*trial* on the merits" for purposes § 74.094(e). We conclude that it is not. *See Trial*, BLACK'S LAW DICTIONARY (10th ed. 2014) (defining "trial" as "[a] formal judicial examination of evidence and determination of legal claims in an adversary proceeding"); TEX. R. CIV. P. 91a.6 (providing that, except for the award of costs and fees, "the court may not consider evidence in ruling on the motion").

Because a Rule 91a hearing is not a trial on the merits, and because no party timely objected, § 74.094(e) permitted Judge Rincones to conduct the hearing and enter the order in a county other than the one in which the suit was pending. *See* TEX. GOV'T CODE ANN. § 74.094(e). We overrule Sagredo's first three issues.

## B.     Rule 91a Motion

By his fourth issue, Sagredo contends the trial court erred by granting Ball's Rule

8

91a motion to dismiss.

Except in a family code or inmate litigation case, a party may move under Rule 91a to dismiss a cause of action "on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a.1. Dismissal is appropriate under Rule 91a "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought" or "no reasonable person could believe the facts pleaded." *Id.* Whether the dismissal standard is satisfied depends "solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59." TEX. R. CIV. P. 91a.6.

We review the merits of a Rule 91a motion de novo. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016). "[W]hile Rule 91a requires courts to take all factual allegations in the pleadings as true, legal conclusions need not be taken as true." *Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 605 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.).

As noted, Ball argued in his Rule 91a motion that the breach of contract claim against him has "no basis in law" in part because he is immune from liability for acts taken as part of his legal representation of Solano. Attorney immunity "is an affirmative defense that 'stem[s] from the broad declaration over a century ago that 'attorneys are authorized to practice their profession, to advise their clients and interpose any defense or supposed defense, without making themselves liable for damages.'" *Haynes & Boone, LLP v. NFTD, LLC*, 631 S.W.3d 65, 73 (Tex. 2021) (quoting *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015)).

> [A]ttorney immunity protects an attorney against a non-client's claim when the claim is based on conduct that (1) constitutes the provision of "legal" services involving the unique office, professional skill, training, and authority of an attorney and (2) the attorney engages in to fulfill the attorney's duties

9

in representing the client within an adversarial context in which the client and the non-client do not share the same interests and therefore the non-client's reliance on the attorney's conduct is not justifiable. Whether the defense applies depends on whether the claim is based on this "kind" of conduct, not on the nature of the conduct's alleged wrongfulness.

*Id.* at 78 (cleaned up).

On appeal, Sagredo argues that attorney immunity does not apply because Ball was a party to the settlement agreement. He notes that the agreement recites that it "is by and between: MARCELLA SOLANO and all attorneys . . . ; [and] ISAAC SAGREDO, and attorneys," and that Ball signed the agreement. Sagredo further contends that Ball's promise not to "utilize documents, information or testimony" relating to the Las Vegas incident was supported by consideration and was therefore enforceable as a contract. Sagredo cites authority indicating that one reason for the existence of attorney immunity is that "no privy of contract exists between the third party and the attorney, and the attorney's duties are owed only to the client." *Jurek v. Kivell*, No. 01-10-00040-CV, 2011 WL 1587375, at *5 (Tex. App.—Houston [1st Dist.] Apr. 21, 2011, no pet.) (mem. op.). He contends that, because he had privity of contract with Ball, Ball owed him a duty under the agreement, and attorney immunity does not bar his suit.

We disagree. On appeal, Sagredo does not dispute that, in filing the motion in the custody case, Ball was providing services which "involv[e] the unique office, professional skill, training, and authority of an attorney" in order to "fulfill [his] duties in representing" Solano as her attorney in an adversarial context. *See Haynes & Boone*, 631 S.W.3d at 78. Filing a motion on behalf of a client in litigation is quintessentially the "kind" of conduct undertaken by an attorney in representing his client. *See id.* Accordingly, regardless of

whether Ball was a party to the settlement agreement,[7] he cannot be held liable for filing a motion on behalf of Solano in his capacity as her attorney. *See id.*

Because attorney immunity applies, the breach of contract claim has no basis in law, and the trial court did not err in granting Ball's Rule 91a motion.[8] *See* TEX. R. CIV. P. 91a.1. We overrule Sagredo's fourth issue.

## C.   Attorney's Fees

By his fifth issue, Sagredo challenges the trial court's award of trial and appellate attorney's fees to Ball under Rule 91a. *See* TEX. R. CIV. P. 91a.7 (providing generally that "the court may award the prevailing party on the motion all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court").[9]

First, as to appellate fees, Sagredo argues the trial court's award was improper because it was not made conditional on the outcome of the potential appeal. We agree. An unconditional award of appellate attorney's fees is improper; instead, an award of appellate attorney's fees must be conditioned upon the appellant's unsuccessful appeal. *Cessna Aircraft Co. v. Aircraft Network, LLC*, 345 S.W.3d 139, 148 (Tex. App.—Dallas 2011, no pet.); *Hoefker v. Elgohary*, 248 S.W.3d 326, 332 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Jones v. Am. Airlines, Inc.*, 131 S.W.3d 261, 271 (Tex. App.—Fort Worth

---

[7] We note that, although the agreement recited that "all attorneys" of Solano and Sagredo were parties to the agreement, section 1.04 explicitly applied only to Solano. Moreover, although Ball signed the agreement, his signature was preceded by the statement: "AGREED ONLY AS TO FORM AND CONTENT."

[8] In light of our conclusion, we need not address the other grounds for dismissal set forth in Ball's Rule 91a motion. *See* TEX. R. APP. P. 47.1.

[9] Sagredo does not dispute that Rule 91a.7 generally authorizes the award of conditional appellate fees.

2004, no pet.); *see Sky View at Las Palmas, LLC v. Mendez*, 555 S.W.3d 101, 115 (Tex. 2018) ("A party should not be penalized for pursuing a meritorious appeal.").

Second, as to both trial and appellate fees, Sagredo contends the evidence was legally and factually insufficient to support the award. He further argues Ball was not entitled to fees because he represented himself and "could not have a fee agreement with himself."

"[T]he fact finder's starting point for calculating an attorney's fee award is determining the reasonable hours worked multiplied by a reasonable hourly rate, and the fee claimant bears the burden of providing sufficient evidence on both counts." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 498 (Tex. 2019). "Sufficient evidence includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services." *Id.* When, as here, the statute authorizing the award of attorney's fees states that such fees must be "incurred," the claimant must also establish that he or she became liable for the amount. *See id.*; *Garcia v. Gomez*, 319 S.W.3d 638, 642 (Tex. 2010) ("A fee is incurred when one becomes liable for it.").

Ball submitted four affidavits in support of his request for attorney's fees. In the first affidavit, Ball stated he spent: (1) six hours preparing his original answer and affirmative defenses, including research and drafting; (2) fifteen hours preparing the Rule 91a motion, including research and telephone conferences with other attorneys; (3) ten hours preparing a PowerPoint presentation on the Rule 91a motion; and (4) four hours traveling to and attending the October 26, 2022 hearing in Brownsville. Ball stated his hourly rate

is $300 and that "[t]his rate is normal and customary for a lawyer with my experience, years of practice and board certifications in family law and in criminal law." Accordingly, he requested $10,500 in trial attorney's fees.

In a "supplemental" affidavit, Ball stated that he "represented [him]self pro[ ]se in this matter" but paid another unnamed attorney $2,000 "out of [his] pocket to review [his] filings." In addition to the time described in the first affidavit, Ball stated in this affidavit that he also spent four hours preparing an anti-SLAPP motion; one and a half hours to prepare his first attorney's fees affidavit; and two hours "reviewing documents" in preparation for the second affidavit. He requested $14,750 in trial fees, including reimbursement for the amount he paid to the other attorney. In his third and fourth affidavits, Ball included a request for $10,000 in appellate fees, stating:

> I anticipate that opposing counsel will seek to appeal this court's ruling granting my rule 91a motion to dismiss as well as any attorney's fees awarded by this court. Should such an appeal be filed, I will handle this appeal myself pro se. I asked [sic] the court orders a reasonable fee of $10,000 be ordered paid to me to cover court costs, filing fees and time spent researching preparing and drafting my response to their appeal.

Because Ball represented himself pro se in the underlying proceeding and on appeal, he never became liable for any fees attributable to services he performed. *See Jackson v. State Office of Admin. Hearings*, 351 S.W.3d 290, 300 (Tex. 2011) (concluding that appellant, a licensed attorney, "represented himself, so he did not incur attorney's fees as that term is used in its ordinary meaning because he did not at any time become liable for attorney's fees")[10]; *see also Burka v. U.S. Dep't of Health & Human Servs.*, 142

---

[10] In *Rohrmoos Venture*, the Texas Supreme Court observed that, though "[a] party must be represented by an attorney to secure an award of attorney's fees," "[a]ttorneys have been awarded fees for their own pro se representation." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 488 (Tex. 2019) (citing *Beckstrom v. Gilmore*, 886 S.W.2d 845, 847 (Tex. App.—Eastland 1994, writ denied)

13

F.3d 1286, 1288 (D.C. Cir. 1998) (concluding a pro se attorney was not entitled to recover fees under the Freedom of Information Act, which allows recovery of fees "reasonably incurred"); *Garcia*, 319 S.W.3d at 642 ("Both the adjective 'reasonable' and the verb 'incurred' act to limit the amount of attorney's fees the trial court may award. . . . . Testimony about reasonable fees then is not necessarily evidence about the fees incurred."). Accordingly, he did not "incur" those fees and cannot recover them under Rule 91a. *See* TEX. R. CIV. P. 91a.7; *Rohrmoos Venture*, 578 S.W.3d at 498; *Garcia*, 319 S.W.3d at 642.[11]

Moreover, though Ball stated he paid $2,000 to another attorney to "review [his] filings," there is nothing in the record indicating who performed this service or whether this amount was reasonable or necessary. *See Rohrmoos Venture*, 578 S.W.3d at 498. Accordingly, even assuming Ball was liable for the $2,000, the award of that amount was supported by insufficient evidence. *See id*.

For the foregoing reasons, we modify the judgment to delete the entire award of trial and appellate attorney's fees.

---

(awarding fees to an attorney representing himself pro se)). However, the statute authorizing the recovery of fees in *Beckstrom* did not require that the fees be "incurred." *See* 886 S.W.2d at 847 (applying TEX. CIV. PRAC. & REM. CODE ANN. § 38.002). Accordingly, we do not construe *Rohrmoos Venture* as contradicting or abrogating the holding in *Jackson*.

[11] We acknowledge that this result is unjust insofar as it does not account for Ball's loss of potential business income resulting from the time he spent representing himself. In effect, Ball is being punished for choosing to represent himself rather than hiring outside counsel, despite the fact that there is no indication this was the Legislature's intent when it required the Supreme Court to adopt rules providing for the expedited dismissal of baseless lawsuits. *See* TEX. GOV'T CODE ANN. § 22.004(g). Nevertheless, we are bound to follow Supreme Court precedent, *see Lubbock County v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 585 (Tex. 2002), and that includes its unequivocal ruling in *Jackson* that an attorney representing himself does not "incur attorney's fees as that term is used in its ordinary meaning because he did not at any time become liable for attorney's fees." *Jackson v. State Office of Admin. Hearings*, 351 S.W.3d 290, 299 (Tex. 2011).

### III. Conclusion

The trial court's judgment is affirmed as modified as set forth herein. *See* TEX. R. APP. P. 43.2(b).[12]

DORI CONTRERAS
Chief Justice

Delivered and filed on the
18th day of April, 2024.

---

[12] In his brief, Sagredo asks us to stay "the underlying proceedings" and enforcement of the November 16, 2022 and February 17, 2023 orders. We have already denied a previous motion filed by Sagredo to stay the orders on appeal. In light of our conclusion as to Sagredo's issues, we deny his motion to stay as moot. Any other pending motions are likewise denied.